Filed 6/24/15 P. v. Lute CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSHAUWNDA DENISE LUTE,<br><br>    Defendant and Appellant. | H041187<br>(Monterey County<br>Super. Ct. No. SS121672A) |

Defendant Roshauwnda Denise Lute pleaded no contest to possession for sale of methamphetamine and admitted a prior felony drug conviction. The court suspended imposition of sentence and placed Lute on three years' probation. Lute violated the conditions of her probation several times over the ensuing six months. As a result of those admitted violations, the court revoked her probation and sentenced her to six years in county jail.

Lute's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436. We notified Lute of her right to submit a written argument on her own behalf, but she has not done so.

Pursuant to *Wende*, we reviewed the entire record and have concluded that there are no arguable issues on appeal. As required by *People v. Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." We will

further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Shortly after midnight on September 4, 2012, Nicholas Borges, a sergeant with the Seaside Police Department in Monterey County, observed Lute getting into a vehicle at the intersection of Mingo Avenue and Soto Street in Seaside. Police had received citizen complaints about drug sales in the area and Borges was aware of two drug houses in the immediate area. Borges pulled up behind the vehicle, turned on his spotlight, and approached the vehicle. The driver told Borges he was giving Lute, who he knew only as "Baby," a ride. Borges recognized Lute from prior encounters. The driver's pupils were dilated and he appeared to be trying to conceal something under his seat. After other officers arrived, the driver and Lute were asked to exit the vehicle.

Lute consented to a search of her purse, in which officers found a digital scale with flakes of a white substance on it. Officers confirmed there was an active misdemeanor arrest warrant for Lute. They placed her under arrest and asked her if there was anything illegal on her person. Lute said she had a pipe, which officers found sticking out of the front of her waistband. Sergeant Borges testified the pipe was a homemade pipe of the sort used to smoke methamphetamine. Officers observed a baggie sticking out of the front of Lute's shirt. She was moving her chin in an apparent attempt to retrieve the bag with her mouth. Inside the baggie were two smaller baggies containing a total of 2.7 grams of a substance that testing confirmed was crystal methamphetamine, three pills that testing showed was ecstasy, and six pills Borges identified as Oxycontin. When Lute was booked at the jail, $40 in cash was found in her bra. Borges opined Lute possessed the drugs for purposes of sale based on Lute's

---

[1] The factual background is taken from Sergeant Borges's testimony at Lute's September 13, 2012 preliminary hearing and from the probation officer's report.

possession of a digital scale that appeared to have methamphetamine on it, the fact that the methamphetamine was in two baggies, his knowledge of Lute's criminal history involving drug possession and sale, and the cash found in Lute's bra.

The Monterey County District Attorney filed an information on September 14, 2012, charging Lute with one count of possession for sale of methamphetamine and ecstasy (Health & Saf. Code, § 11378, count 1); one count of possession for sale of Oxycontin (*id*., § 11351, count 2); and one count of misdemeanor possession of drug paraphernalia (*id*., former § 11364.1, subd. (a), count 3). In connection with the two felony counts, three prior drug convictions were alleged as enhancements pursuant to section 11370.2 of the Health and Safety Code and prior prison terms resulting from those convictions were alleged as enhancements under Penal Code section 667.5, subdivision (b).

Lute unsuccessfully moved to dismiss counts 1 and 2 under Penal Code section 995, arguing there was insufficient evidence of her intent to sell the drugs found in her possession.

Lute pleaded no contest to count 1 and admitted one prior drug conviction. On December 13, 2012, the court suspended imposition of sentence and placed Lute on probation for a period of three years, subject to various conditions. Lute's probation conditions included requirements that she report any change of residence to her probation officer within 24 hours and not associate with any individuals she knew or had reason to know were on any form of probation or parole supervision. The court ordered Lute to report to her probation officer by 9:00 a.m. on December 14, 2012.

Lute failed to timely report to her probation officer and when she did report she tested presumptive positive for the use of amphetamine. Accordingly, she was taken into custody. At a December 20, 2012 hearing, Lute admitted to violating the terms of her probation. On January 22, 2013, her probation was revoked, reinstated, and modified and she was released from custody. In February 2013, Lute was taken into custody again, this

3

time for associating with a probationer. She admitted that probation violation on March 5, 2013, at which time her probation was once again revoked, reinstated, and modified.

On June 4, 2013, Lute admitted to multiple probation violations, including using methamphetamine, failing to report a change of address, failing to enroll in an outpatient program, and associating with probationers. At that time, Lute's probation was revoked. On August 15, 2013, her probation was terminated and she was sentenced to six years in Monterey County Jail pursuant to Penal Code section 1170, subdivision (h). The six year term consisted of the upper term of three years for possession of methamphetamine for sale in violation of Health and Safety Code section 11378 and a consecutive three-year term for her admitted prior felony drug conviction (the Health and Safety Code section 11370.2 enhancement).

Lute failed to timely appeal, but this court granted her motion for relief from default.

## II.    DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## III.    DISPOSITION

The judgment is affirmed.

4

_____
                                          Walsh, J.[*]

WE CONCUR:

_____
       Rushing, P.J.

_____
       Elia, J.

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.